Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone:   (510) 329-2140
Facsimile:   (510) 580-9410
E-Mail:      yhuang.law@gmail.com

Michael D. Seplow, SBN 150183
mseplow@sshhzlaw.com
Paul Hoffman, SBN 071244
hoffpaul@aol.com
John Washington, SBN 315991
jwashington@sshhzlaw.com
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Telephone:   (310) 396-0731
   Attorneys for Plaintiff
   ALECK ALEXANDER

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALECK AEXANDER,<br><br>                  Plaintiff,<br><br>         vs.<br><br>CITY OF WESTMINSTER, DARIN LENYI, NOAH CAPRIO and DOES 1 to 10,<br>,<br><br>                  Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF<br>CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>1. Unreasonable Use of Deadly Force (42 U.S.C. § 1983)<br>2. Violation of Americans with Disabilities Act (42 U.S.C. § 12132)<br>3. The Bane Act (Cal. Civil Code § 52.1)<br>4. Battery |

5. Intentional Infliction of
   Emotional. Distress
6. Negligence

**DEMAND FOR JURY TRIAL**

Plaintiff, on information and belief, alleges as follows:

## INTRODUCTION

1. This case arises out of the unjustified and unnecessary shooting of ALECK ALEXANDER, a 25 year old man, by officers of the City of Westminster police department, including defendant Noah Caprio, with a hollow-point rifle bullet, shot from an AR15 on or about December 8, 2023.   ALECK ALEXANDER was not killed, but was severely injured, and suffers to this day from the serious injuries of that rifle shot.

2. At the time of the shooting, ALECK ALEXANDER was having a mental health crisis and suffering from severe hallucinations.  Plaintiff ALECK ALEXANDER had a history of mental illness, including schizo-affective disorder. The evidence of ALECK ALEXANDER's mental health crisis was obvious and plain to see, and recognized and acknowledged by the officers of the City of Westminster, including defendant Noah Caprio.  ALECK ALEXANDER did not pose an imminent threat to anyone, and the situation could have been addressed by using less lethal force, and by addressing and accommodating the disability created by his mental health crisis.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1

**JURISDICTION AND VENUE**

2

3. This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in

3

that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in

4

that the action is brought to address deprivations, under color of state authority, of

5

rights, privileges, and immunities protected by the U.S. Constitution). This Court has

6

subject matter jurisdiction over Plaintiffs' supplemental state law claims pursuant to

7

28 U.S.C. § 1367.

8

4. Venue is proper in the United State District Court for the Central District of

9

California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the

10

Central District of California and the unlawful actions challenged herein occurred in

11

the Central District.

12

**PARTIES**

13

5. Plaintiff ALECK ALEXANDER is an individual, residing in ORANGE

14

COUNTY.  Plaintiff ALECK ALEXANDER has and had a mental health condition,

15

articulated in the Diagnostic and Statistical Manual of Mental Disorders ("DSM").

16

6. Defendant CITY OF WESTMINSTER is located in the State of California.

17

Defendant CITY OF WESTMINSTER ("City") is a "public entity," pursuant to

18

California Government Code § 811.2. The Westminster Police Department ("WPD")

19

is a local government entity and an agency and/or division of Defendant City of

20

Westminster, and all actions of the WPD and its employees are the legal

21

responsibility of the City of Westminster. Liability under California law for

22

Defendant City and its employees, including the individually and fictitiously named

23

defendants, is based in whole or in part upon the following statutes, among others:

24

California Government Code §§ 815.2 and  820; Penal Code §§ 149, 240, 242 and/or

25

835a; and/or Civil Code §§ 43, 51, 51.7,  52.1, 1708, and/or 1714.  Liability under

26

federal law for all government-entity employees is based upon 42 U.S.C. § 1983.

27

Defendant City is also liable under federal law pursuant to 42 U.S.C. § 1983 and 42

28

U.S.C. § 12132.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7. Defendant DARIN LENYI is and was, at all times material herein, a law enforcement officer and the Chief of Police of the WPD, acting under color of state law and within the scope of employment. Defendant DARIN LENYI is sued in an individual capacity.

8. Defendant NOAH CAPRIO is and was, at all times material herein, a WPD law enforcement officer employed by Defendant CITY OF WESTMINISTER , acting under color of state law and within the scope of employment. Defendant NOAH CAPRIO is sued in an individual capacity

9. Defendants DOE 1 to 10 are sued by fictitious names, where their true and correct identities will be substituted when ascertained. Defendants Does 1 through 10 are and were, at all times material herein, were agents, contractors, employees or law enforcement officers employed by Defendant CITY OF WESTINISTER and the WPD.  Defendants Does 1 through 10  include  supervisory employees, and/or managerial supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as police officers of the WPD and CITY OF WESTINISTER.  All Defendants Does 1 through 10 were acting under color of state law and within the scope of employment, his or her actual or apparent authority, and with the complete authority and ratification of Defendant City.    Each of the fictitiously named Defendants is responsible for some part of the conduct and liabilities alleged herein.  Each Doe Defendant is being sued in both his individual and official capacities.

10. The alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

11. All non-municipal, individual defendants are sued in both their individual and official capacities.  All non-municipal, individual defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and/or with reckless disregard for Plaintiffs' rights and thus are liable for compensatory and punitive damages.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

12.  Plaintiff is informed and believe and based thereon allege that in committing the acts alleged in this complaint the individual Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages under federal and California law against each individual Defendant.

### STATEMENT OF FACTS

13. On or about December 8, 2023 at approximately 4:20 p.m., plaintiff ALECK ALEXANDER was shot by City of Westminster Police Officer, Defendant Caprio, who used an AR15 loaded with a hollow point rifle bullet, designed to create a larger wound cavity and more extensive injury along its path.

14. On December 8, 2023, plaintiff Alexander was a guest at the Motel 6 in Westminster, California.  On that day, plaintiff Alexander was suffering from a psychotic episode.

15. Plaintiff Alexander was hallucinating, hearing voices, and seeing messages appear on his palm like text messages.  The messages plaintiff Alexander was receiving told him that his wife and son were dead.  The messages told plaintiff Alexander that the devil was coming to kill him.

16. In response to these hallucinations, plaintiff Alexander climbed onto the top of his vehicle and peered into the sky, looking for the devil.  Plaintiff Alexander was dressed only in his underwear.  In his right hand, plaintiff Alexander held an air fired pellet gun.  In his left hand, plaintiff Alexander held a Bible.  In his psychosis, plaintiff Alexander was sitting on his vehicle, waiting for the devil.  The pellet gun was for defense against the devil.  Plaintiff Alexander believed that having the Bible and being able to quote scripture to the devil might help him escape the harm the devil intended to inflict.

17. Someone called the Westminster Police Department for a welfare check, reporting a partially clothed man on top of a vehicle in the parking lot.  The caller reported that plaintiff Alexander seemed "out of it" and was making statements about

the devil coming to get him.  Two civilian observers both concluded that when they looked at air rifle plaintiff Alexander was holding, it was not a real gun.

18. Defendant CAPRIO, an officer employed by the Westminster Police Department, arrived at the scene and took his patrol AR-15 rifle from his police vehicle and racked a round in the chamber.  Defendant CAPRIO observed that plaintiff Alexander was having a mental health crisis.  Without hesitation, without considering alternative less lethal force, defendant CAPRIO fired one round from his patrol rifle, which was loaded with a hollow core bullet, and struck plaintiff Alexander in the left chest area. The hollow core bullet entered plaintiff Alexander's left lung, immediately collapsing his left lung. Shortly thereafter, plaintiff Alexander suffered cardiac arrest.

19. Plaintiff Alexander was transported to the hospital, where he was in a coma for two weeks.  Plaintiff Alexander had to be intubated, and was hospitalized for close to three months, in intensive care, and in and out of an induced coma. Plaintiff Alexander lost organs, pieces of organs, and suffered severe damage to many of his primary organs. Plaintiff Alexander is currently under the care of an urologist, a gastroenterologist, a vascular surgeon, a neurologist, an orthopedic surgeon, a general surgeon, and a pain management specialist. Plaintiff Alexander was not able to walk farther than from his bed to the bathroom for ten months after he was shot.

20. At the time of the incident Plaintiff was a physically healthy young man, weighing 150 pounds at the time of the incident.  He now has difficulty eating, and due to the damage to his colon, has difficulty processing and absorbing food. Plaintiff currently weighs 105 pounds.

21. Plaintiff Alexander faces the prospect of ongoing and future surgeries to continue to correct the significant damage to the organs in his chest cavity.  He is required to use a colostomy bag.

22. On December 8, 2023 and at all relevant times herein, Plaintiff:

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

a. Was a person with a "disability" with the meaning of 29 U.S.C. § 794(9)(B) because he suffered from physical and mental impairments, including, but not limited to, schizoaffective illness including depression, schizophrenia, auditory hallucinations, visual hallucinations and/or other mental illnesses, that substantially limited one or more of his major life activities;

b. Was an "individual with a disability" within the meaning of 29 U.S.C. ¬ß 794(20)(B) because (i) he suffered from physical and mental impairments, including, but not limited to, depression, schizophrenia, auditory hallucinations, visual hallucinations and/or other mental illnesses, that substantially limited one or more of his major life activities; (ii) had a record of such impairment; and/or (iii) was regarded as having such impairment;

c. Was otherwise qualified, with or without reasonable accommodation, within the meaning of 29 U.S.C. § 794(a), to participate in the programs and activities of Defendant CITY OF WESTMINSTER, including its agent, the Defendant CITY OF WESTMINSTER POLICE DEPARTMENT to be safely and appropriately taken into custody pursuant to California Welfare & Institutions Code § 5150.

23.  Plaintiff is informed and believes and thereon alleges that the use of deadly force against him was unnecessary, excessive and unreasonable in that at the time he was shot, Plaintiff was armed with a pellet gun, was surrounded by law enforcement personnel and did not present an immediate threat of death or serious injury to anyone.

24.  Plaintiff is informed and believes and thereon alleges that Defendant Caprio and the WPD did not  issue any warnings to Plaintiff prior to shooting him.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

25. Plaintiff is informed and believe and thereon alleges that prior to being shot and seriously injured, Defendant Caprio and other WPD peace officers could have and should have deployed tactics to calm and de-escalate the situation, and should have contacted and solicited the advice and assistance of mental health care professions regarding appropriate intervention strategies.  Plaintiff is further informed and believe and thereon allege that prior to being shot and seriously wounded, Defendant Caprio and other WPD peace officers could have attempted de-escalation tactics as outlined by the International Association of Chiefs of Police[1]; used less lethal weapons such as bean bag or tasers against Plaintiff before immediately escalating to deadly force.   Furthermore, the use of an AR-15 with a hollow core bullet which was intended to inflict serious and catastrophic wounds, on a person who was clearly mentally disabled was unreasonable, excessive, unnecessary and improper.

26. Plaintiff is informed and believe and thereon allege that Defendant Caprio and other employees of the CITY OF WESTMINSTER used unreasonable, negligent and improper tactics during their interaction with plaintiff that were a direct and proximate cause of his serious and severe injuries.

27. Due to the fact that Plaintiff was suffering a mental disability and/or experiencing a mental health crisis resulting in mental disability on December 8, 2023, and that Defendant Caprio and the WPD officers who responded failed to make reasonable accommodations for his obvious mental disability and used excessive force against him based on his disability.

---

1. [1] Model Policy, International Association of Chiefs of Police, Mental Health Crisis Response, https://www.theiacp.org/sites/default/files/2021-07/Mental%20Health%20Crisis%20Response%20FULL%20-%2006292020.pdf ) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

28. Plaintiff is informed and believes and thereon alleges that Defendant Caprio and the WPD officers and employees involved in the shooting were negligently trained, retained, and/or supervised by defendant DARIN LENYI and/or other employees of the WPD and that, consequently, the Defendant Caprio and other WPD employees failed to use proper tactics in using force and in responding to a person with mental disabilities.  Defendant CAPRIO, and other WPD officers who responded to the incident involving Plaintiff ALEXANDER should have realized that he was likely suffering from a mental illness or disability and should have taken reasonable accommodations with respect to Plaintiff ALEXANDER to accommodate for his mental disability. Rather than escalating the situation by using deadly weapons, Defendants were required to accommodate Plaintiff ALEXANDER by, including but not limited to, recognizing cues and other indicators of Plaintiff ALEXANDER mental disability and employing de-escalation tactics that would have been likely to resolve the situation without injury or at minimum, far less serious injuries. In the alternative, plaintiff alleges that Defendant  CAPRIO, and other WPD officers who responded to the incident involving Plaintiff ALEXANDER realized that he was likely suffering from a mental illness or disability and failed and/or refused to take reasonable accommodations with respect to Plaintiff ALEXANDER to accommodate for his mental disability.   Instead of escalating the situation by immediately using deadly force, Defendants were required to accommodate Plaintiff ALEXANDER by, including but not limited to, recognizing cues and other indicators of Plaintiff ALEXANDER's mental disability and employing de-escalation tactics that would have been likely to resolve the situation without injury or at minimum, far less serious injuries.

29. In performing the acts and omissions alleged herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, discriminated against Plaintiff because of, and on account of, his disabilities and illnesses, including depression,

schizophrenia, psychosis, auditory and visual hallucinations, and/or other mental illnesses.

30. In addition, in performing the acts and omissions alleged herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, recklessly, deliberately, indifferently, and/or negligently and unreasonably failed and refused to make the necessary reasonable accommodations for, and to reasonably accommodate, Plaintiff's disabilities and illnesses, including depression, schizophrenia, psychosis, bipolar disorder, auditory and visual hallucinations, and/or other mental illnesses.

31. As an actual, legal and proximate result of the aforementioned intentional, reckless, deliberate, indifferent, and/or negligent and unreasonable acts and omissions of Defendants, and each of them:

   a. Plaintiff suffered and incurred damages, including but not limited to loss of major organs, severe injury of major organs, medical expenses, and pain and suffering;

   b. Plaintiff suffered and incurred damages, including but not limited to, medical expenses, and pain and suffering, as a result of Defendants' violations of Plaintiff's rights under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and/or Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.*

**Post Shooting Events**

32. The Orange County District Attorney charged plaintiff Alexander with illegal brandishing.  However, Plaintiff Alexander was so ill that he could not travel to court to appear for an arraignment until almost eleven and a half months after the shooting.  At the arraignment in November 2024, all parties agreed that plaintiff

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Alexander's charges would be diverted.  One month later, the charges were dismissed, and plaintiff Alexander's criminal file was sealed.

33. During this period of time, officers from the **WPD** repeatedly tried to interview and speak with plaintiff Alexander.  These officers told plaintiff Alexander that he had pointed the air rifle at the officers, and that this action triggered defendant Caprio to shoot plaintiff Alexander.  Officers from the Westminster Police, repeatedly told plaintiff Alexander that plaintiff Alexander was at fault, and that video evidence substantiated the blame being placed on plaintiff Alexander. Due to the repeated statements from the Westminster Police Department that the video evidence clearly showed that plaintiff Alexander behaved in a manner to justify the shooting, and due to the fact that during this period of time plaintiff Alexander was seriously ill, constantly in pain, and heavily medicated, and suffering from severe mental disabilities, Plaintiff did not, and indeed he was unable to investigate the facts, unable to consult with an attorney, and unable to ascertain the truth of the situation and that he had viable claims against the City of Westminster and its employees, including Defendant Caprio.

34. After the criminal charges were dismissed, plaintiff Alexander contacted the Orange County public defender and asked to see the police report and to view the video recordings.

35. On or about April 3, 2025, plaintiff Alexander, for the first time, saw the police reports and, with his public defender, viewed the body worn camera video tapes.  None of the videos plaintiff Alexander saw showed him pointing the air rifle in a menacing manner or threatening manner to either the police or others.  One video was not produced to the public defender. That video was the surveillance video booked from the Motel 6, which the defendants booked into evidence.

36. The WPD reports claim that the surveillance video, the only one of all the electronically stored information, showed plaintiff Alexander's conduct at the time of

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

the shooting.  The WPD's reports claimed that this one piece of video, the Motel-6 surveillance video, justified defendant Caprio's shooting of plaintiff Alexander.

37. Plaintiff Alexander, only after reviewing the police reports and viewing the police videos, and not seeing any evidence that his behavior was threatening or endangering the officers or individuals in the vicinity came to the understanding that his behavior that day did not justify defendant Caprio shooting him.

38. Plaintiff Alexander remembered that he had no intention of harming anyone, and that his recollection was that he only pointed the pellet gun toward the sky, believing the devil was coming to get him. Plaintiff Alexander,  only after reviewing the police reports and viewing the videos, came to the realization that he was the victim of police excessive use of force, having relied upon and being misled by the WPD's statements to him that the shooting was justified.

39**.** On April 9, 2025, plaintiff Alexander made a public records act request to the Westminster Police Department, requesting a copy of the Motel-6 surveillance video. On April 22, 2025, the Westminster Police Department refused to produce the surveillance video on the grounds that those records are "records of an active investigation. As such, the records are exempt from public disclosure pursuant to Government Code Section 7923.605(a)(2)."

40. On April 9, 2025, plaintiff Alexander filed a  claim for damages pursuant to California Government Code Section 910 et seq. regarding this incident with the City of Westminster.    On May 15, 2025, the City of Westminster rejected the claim on the basis of untimeliness.  On June 6, 2025 Plaintiff Alexander filed a Petition for Leave to File Late Claim on June 6, 2025.  No response has been received to the Petition has been received.

42. Plaintiff contends that his government claim is timely because, inter alia, his claims did not accrue until after he was released from custody and had gained capacity  and/or because his claims were tolled due to his mental and/or physical

incapacity, incompetence and/or disabilities, including having been in custody and in the hospital and suffering from mental disabilities and due to the misrepresentations made to him by the WPD upon which he reasonably relied.  As a result of the misrepresentations to plaintiff by the WPD regarding the viability of his claims, Defendant City of Westminster and the other defendants are estopped from asserting that Plaintiff's government claim for damages was untimely.

## I.   MONELL - POLICY AND CUSTOM ALLEGATIONS

7.  Defendant DARIN LENYI is the Police Chief for Defendant CITY OF WESTMINSTER POLICE DEPARTMENT.   Defendant DARIN LENYI has been employed by Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT since October, 2021.   Defendant DARIN LENYI has possessed policymaking authority since he became Police Chief in October, 2021.

8.  Defendant DARIN LENYI is a final policymaking authority in his capacity as Police Chief for CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT including as it relates to the hiring, screening, training, supervision, counseling, discipline, and control of law enforcement officers acting under his command.

9.  Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT were charged by law with the adequate training and supervision of police officers with respect to constitutional limits on use of force, arrest, search, and detention - particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

10. Based upon the principles set forth *in Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT are liable for all injuries

sustained by Plaintiff as set forth herein.  Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT bear liability because its policies, practices and/or customers were a cause of and moving force for Mr. Gonzalez's death and Plaintiffs' injuries, and/or because Defendant County ratified the unlawful actions of its employees that caused Mr. Gonzalez's death.  The County and its officials maintained or permitted one or more of the following policies, customs or practices which displayed deliberate indifference to the constitutional rights of persons such as Plaintiffs' decedent and were a direct cause of Plaintiffs damages:

    a.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

    b.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention - particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

    c.  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of bean bags, tasers and other so called "less lethal" weapons;

    d.  Failure to provide adequate training and supervision on how to respond properly to suspects in possession of pellet guns;

    e.  Failure to provide adequate training and supervision on how to deescalate situations involving persons suffering from emotional or mental disturbances and/or persons under the influence;

    f.  Failure to provide adequate training and supervision on how to identify signs of mental illness or disabilities in suspects and how to respond to such persons without escalating the level of potential violence;

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

g.  Failure to adequately discipline or retrain deputies or employees involved in misconduct;

h.  Failure to adequately investigate uses of excessive force and improper conduct by deputies or employees;

i.  Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

j.  Condonation and encouragement of deputies and peace officers in the belief that they can violate the rights of persons, such as Plaintiffs or their decedent, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

k.  Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of plaintiff.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS: UNREASONABLE USE OF FORCE

## FOURTH AMENDMENT (42 U.S.C. § 1983)

### (Against All Defendants)

11. Plaintiffs repeat and reallege each and every allegation in preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

12. Defendant CAPRIO used excessive and unreasonable force against Plaintiff ALEXANDER including but not limited to resorting to use of force and shooting him.  Defendant CAPRIO's unjustified shooting deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

13. The shooting was excessive and unreasonable, especially because Plaintiff ALEXANDER was mentally ill (a fact that was obvious and evident and/or reasonably suspected by the involved officers at the time of the incident) and posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendant CAPRIO's shooting and use of force violated police officer standard training.

14. Defendant's use of excessive force and his unjustified shooting of Plaintiff ALEXANDER deprived him of his rights under the Fourth  Amendment to be free from unreasonable searches and seizures.   As a result of their conduct, Defendant Ciprio is liable for Plaintiff's serious and ongoing injuries and the resulting and ongoing damage to Plaintiff.  Does 1-10 are liable for Plaintiff's injuries a are liable either because they were integral participants in the excessive force, including the use of unreasonable deadly force, or because they failed to intervene to prevent these violations.

15. Defendant City  is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Plaintiff's rights and/or because it ratified the actions of its employees by finding that their actions leading to the serious injury of Plaintiff's were in conformity with the City of Westminster policy and by failing to discipline the involved deputies and employees.

16. Defendant Lenyi and other supervisory defendants are liable for their direct actions as supervisors which caused the deprivation of Plaintiff's constitutional rights.

17. On information and belief, Defendant Caprio and other WPD officers involved in the incident were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's serious injuries.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

18. On information and belief, City failed to properly and adequately train Defendant Ciprio and other WPD officers involved including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; and the treatment of persons who are suspected of having some type of mental illness.

19. The training policies of Defendant City of Westminster were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force, and the treatment of persons who are suspected of having some type of mental illness.

20. Defendant City of Westminster was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

21. The failure of Defendant City of Westminster to provide adequate training caused the deprivation of Plaintiff's rights by Defendant Caprio and other WPD officers; is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

22. As alleged herein, Defendant City of Westminster, maintained, inter alia, unconstitutional customs, practices, and policies as set forth herein, including but not limited to:

    a. Using excessive force, including excessive deadly force;

    b. Providing inadequate training regarding the use of deadly force;

    c. Employing and retaining as police officers and other personnel, including Defendant Caprio, who the City of Westminster, the City of Westminster Police Department and its supervisory employees, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow City of Westminster Police Department policies and for using excessive force;

    d. Inadequate supervising, training, controlling, assigning and disciplining City of Westminster Police Department officers including Defendants

Caprio, and Doe defendants, who City of Westminster Police Department, and Chief Lenyi each knew, or in the exercise of reasonable care, should have known the aforementioned propensities and character traits;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by a City of Westminster Police Department police officer, including the individual defendants;

f. Failing to discipline City of Westminster Police Department police officer, including Defendant Caprio  for the above referenced categories of misconduct including "slaps on wrists", discipline that is so slight as to be out of proportion to the magnitude of misconduct and other inadequate discipline which is tantamount to encouraging misconduct;

g. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue curtain," or simple "code of silence," pursuant to which deputies do not report other officers' errors, misconduct or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other officers ' wrongdoing;

h. Contending that unjustified shootings, including the shooting of Mr. Gonzalez, are "within policy" and justified or warranted;

i. Maintaining a policy of inaction and an attitude of indifference toward the soaring numbers of police shootings, including failure to discipline, retrain, investigate, terminate and recommend officers for criminal prosecution who participate in unjustified shootings of unarmed people or otherwise engage in the use of excessive force during encounters with citizens;

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

j.  Having and maintaining an unconstitutional practice of using excessive force and covering up police misconduct;

k.  Failing to properly train deputies to use nonlethal force and to maintain their skills in the use of their equipment designed to provide alternatives to lethal force; and

l.  Having and maintaining an unconstitutional custom and practice of using excessive force when de-escalating tactic could have used especially after observing that Plaintiff had mental illness. These customs and practices by the officers and its supervisors  were condoned by said defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff.

23. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, pain and suffering, loss of enjoyment of life, and loss of earning capacity and extreme diminution of his relationship with his child, partner, friends, and family.

24. Plaintiffs are informed and believe and thereon allege that the acts of the Defendants Caprio and the other individual defendants were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of plaintiff's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

25. Plaintiff seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

## SECOND CLAIM

## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

## (42 U.S.C. § 12101, *et seq.*)

## (Against All Defendants)

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

26. Plaintiff repeats and reallege each and every allegation in preceding of this Complaint with the same force and effect as if fully set forth herein.

27. Plaintiff ALECK ALEXANDER had impairments, within the meaning and scope of 42 U.S.C. § 12102,  that substantially limited one or more major life activities and had a record of such impairments. Plaintiff ALECK ALEXANDER was suffering from a mental illness or disability (such as schizoaffective disorder) which interfered with his ability to interact with others and/or his perception of events. As part of his schizoaffective disorder, Plaintiff suffered from depression, hallucinations and delusions.  Plaintiff was a member of the class of persons protected by 42 U.S.C. § 12132, which makes it unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs or activities of a public entity to a person with a disability.

28. Defendants NOAH CAPRIO and DOES 1 to 10 acting in the course and scope of their employment as peace officers  for the City of Westminster, discriminated against Plaintiff ALEANDER by, among other things, their failure to provide reasonable accommodations for his disability during their encounter with Plaintiff ALEANDER on December 8, 2023.  Defendant City is vicariously liable for the acts and omissions of its employees, including Defendants NOAH CAPRIO and DOES 1 to 20.

29. Under the ADA, police agencies such as the CITY OF WESTMINSTER POLICE DEPARTMENT and their employees, may not discriminate against persons with actual or perceived mental disabilities and have a duty to provide reasonable accommodations to persons with mental disabilities.  Accordingly, when encountering persons with obvious mental disabilities or mental illness, deputies may need to modify their behavior to accommodate for the disability. For example, while it may be appropriate to use loud and firm commands towards a subject who does not suffer from a mental disability, using such tactics towards a subject who is suffering a mental health crisis will likely be perceived as being

aggressive and will escalate the subject's mental health crisis. Therefore, under the ADA, the WPD officers, including Defendant Caprio, were required to make reasonable accommodations for Plaintiff Alexander's mental condition and use different tactical approaches than what would be appropriate for a subject who was not mentally disabled.

30. Plaintiff is informed and believe and thereon allege that the defendant officers either knew or should have known that ALECK ALEXANDER was suffering from a mental disability or acted with deliberate indifference to the fact that ALECK ALEXANDER appeared to be suffering from a mental disability.

31. Defendants failed reasonably to accommodate ALEC ALEXANDER'S disabilities and impairments, where a reasonable accommodation was available, including:

    a. initially determining that Plaintiff Alexander was experiencing a mental health crisis;

    b. accurately assessing the situation including:

    c. the fact that ALECK ALEXANDER had a non-lethal air powered pellet gun;

    d. Determining whether ALECK ALEXANDER was hearing voices, or

    e. hallucinating,

    f. recognizing that ALECK ALEXANDER was engaged in atypical behavior when he was dressed only in underwear and perched on top of a car holding a bible and a pellet gun;

    g. requesting assistance from individuals with specialized training in dealing with mental illness or conflict situations involving individuals with mental illness;

    h. contacting and exchanging information with a mental health resource or clinician for assistance;

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

i.  taking steps to maintain calm and avoid threatening action, including the recognition that there is no need to rush or force the situation rather than to commence with threats and shouts;

j.  create distance and diffuse the situation;

k.  provide valid feedback and truth such as informing Aleck Alexander that the officers saw no signs that devil was in the vicinity.

(See  Model Policy, International Association of Chiefs of Police, Mental Health Crisis Response, Https://www.theiacp.org/sites/default/files/2021-07/Mental%20Health%20Crisis%20Response%20FULL%20-%2006292020.pdf ) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

32.: Defendants failed reasonably to accommodate Plaintiff ALEXANDER's disabilities and impairments, where a reasonable accommodation was available, including by maintaining adequate policies or customs of action and inaction, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

33. As a direct and proximate result of Defendants' actions, ommissions and inactions, Plaintiff ALECK ALEXANDER was severely injured, sustained ongoing serious physical injuries requiring substantial and ongoing medical care. In addition, ALECK ALEXANDER  incurred substantial emotional and psychological injuries.

**34.** By the aforesaid acts and omissions of Defendants, Plaintiff ALECK ALEXNDER has  been directly and legally caused to suffer actual damages in the amount of past, present and/or future wage loss, income and support, medical expenses, pain and suffering, emotional distress, loss of the enjoyment of life, other pecuniary loss and reasonable attorneys' fees, as well as all statutory damages provided for by the Americans with Disabilities Act.

35. As a result of Defendants' conduct as alleged herein, Plaintiff ALECK ALEXANDER is entitled to receive compensatory and nominal damages.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**THIRD CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

**Against All Defendants**

36. Plaintiffs repeat and reallege each and every allegation in preceding of this Complaint with the same force and effect as if fully set forth herein.

37. As alleged herein, Defendants intentionally interfered by threats, intimidation, and/or coercion with Plaintiff ALEXANDER's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions (including, without limitation, Amendment 4 of the U.S. Constitution; California Civil Code Section 43 and Penal Code Sections 149, 240, 242 and 835a; and Article I, Sections 1, 2, 7, 13, and 17 of the California Constitution), including, without limitation, the right to be free from any violence, the right to bodily integrity, the right of protection from bodily restraint or harm and harm to personal relations, the right to be free from excessive force by police, and the right be free from unreasonable searches and seizures and the right to due process. Defendants acted intentionally and with reckless disregard for the rights of Plaintiff ALEXANDER.

38. As a direct and legal result of Defendants' acts and omissions, Plaintiff ALEXANDER seek all damages, including actual, compensatory and statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and any other applicable statutes.

39. Plaintiff is informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

40. Plaintiffs seek an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

## FOURTH CLAIM FOR RELIEF

## BATTERY

### (Against all Defendants)

41. The allegations of the preceding paragraphs are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.\

42. Defendants' conduct violated California Penal Code Section 835a, which states in relevant part: The Legislature finds and declares all of the following:

(1) That the authority to use physical force, conferred on peace officers by this section, is a serious responsibility that shall be exercised judiciously and with respect for human rights and dignity and for the sanctity of every human life.  The Legislature further finds and declares that every person has a right to be free from excessive use of force by officers acting under color of law.

(2) As set forth below, it is the intent of the Legislature that peace officers use deadly force only when necessary in defense of human life. In determining whether deadly force is necessary, officers shall evaluate each situation in light of the particular circumstances of each case, and shall use other available resources and techniques if reasonably safe and feasible to an objectively reasonable officer.

(5) That individuals with physical, mental health, developmental, or intellectual disabilities are significantly more likely to experience greater levels of physical force during police interactions, as their disability may affect their ability to understand or comply with commands from peace officers.  It is estimated that individuals with disabilities are involved in between one-third and one-half of all fatal encounters with law enforcement.

43. 85. As alleged herein, it was not necessary for deadly force to be used against Plaintiff  and the Defendants should have used other means to address the minor

crimes she allegedly committed and should have recognized that Plaintiff was suffering from a mental health crisis and did not pose an immediate serious threat to others.

44. Defendants NOAH CAPRIO and/or other employees of the CITY OF WESTMINSTER POLICE DEPARTMENT while acting within the course and scope of their employment and duties, intentionally used excessive force against Plaintiff Alexander, specifically an AR 15 rife loaded with hollow-core bullet. The use of AR 15 rife loaded with hollow-core bullet were an unreasonable use of force against Plaintiff to which he did not consent, and constituted a battery against him.

45. The Defendants, including NOAH CAPRIO and DOES 1 to 10 who committed battery against Plaintiff Alexander are liable to Plaintiff pursuant to Government Code Section 820 and, among other statutes.  Moreover, Defendant City is liable to Plaintiffs pursuant to Government Code Section 815.2 and CCP, among other statutes, for the acts of its employees in committing battery against Plaintiff Alexander.

46. Plaintiffs are informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff Alexander thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) Defendants in an amount to be determined at time of trial.

1.

### SIXTH CLAIM

### Negligence

47. The allegations of the preceding paragraphs are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

48. *Individual Liability*: Defendants NOAH CAPRIO, and DOE 1 to 20 owed a duty of care to Plaintiff ALECK ALEXANDER to use reasonable diligence, and breached that duty, including by failing to prevent foreseeable harm to Plaintiff ALECK ALEXANDER by :

   a. Defendants' failure to properly assess the need to use force, including AR 15 rifles with hollow core bullets against Plaintiff ALECK ALEXANDER;

   b. Defendants' failure to prevent the use of unreasonable force, including hollow point bullet intended to cause serious injury, against Plaintiff ALECK ALEXANDER;

   c. Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Plaintiff ALECK ALEXANDER including conduct that falls below the professional standard of care for peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the severe and serious injury of Plaintiff ALECK ALEXANDER.

   d. The failure of supervisory employees of the CITY OF WESTMINSTER POLICE DEPARTMENT, including Defendant Chief Lenyi to properly train, supervise and discipline employees, including Defendants NOAH CAPRIO and Doe Defendants, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with knives; and

   e. The negligent hiring, retention and assignment of the CITY OF WESTMINSTER POLICE officers, including the employees involved in this incident, by supervisory employees of Defendant County including the Darin Lenyi, the Chief of Police.

49. *Supervisory Liability*: Defendants  City of Westminster and Darin Lenyi owed a duty of care to Plaintiff ALECK ALEXANDER, and was required to use reasonable diligence to ensure that Plaintiff ALECK ALEXANDER, was not

harmed by Defendants' acts or omissions.  Defendants Noah Caprio, and/or DOE 1 to 10 as employees, and breached that duty, including by maintaining policies or customs of action and inaction which resulted in harm to Plaintiff.

50. *Municipal Liability*: Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT owed a duty of care to Plaintiff ALECK ALEXANDER created by California Government Code § 845.6 and breached that duty, including by maintaining policies or customs of action and inaction resulting in harm.

51. *Vicarious Liability*: Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents, employees, and contractors acting within the scope of employment, including Defendants Darin Lenyi, Noah Caprio and Does 1 to 20.

52. Defendants Darin Lenyi, Noah Caprio and Does 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

53. Plaintiff ALECK ALEXANDER was injured as a direct and proximate result of Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT, DARIN LENYI, NOAH CAPRIO and DOE 1 to 20's actions and inactions, entitling Plaintiff ALECK ALEXANDER to receive compensatory damages against Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT, DARIN LENYI, NOAH CAPRIO and DOE 1 to 20's; and punitive damages against Defendants DARIN LENYI, NOAH CAPRIO and DOE 1 to 20's

54.     WHEREFORE, Plaintiff ESTATE OF JESUS ERIC MAGANA prays for relief as hereunder appears.

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ALECK ALEXANDER seeks Judgment as follows:

1.    For an award of compensatory, general, and special,  damages against Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT, DARIN LENYI, NOAH CAPRIO and DOE 1 to 10', according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants DARIN LENYI, NOAH CAPRIO and DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.    For an award of actual damages, treble damages,  civil penalties, and any other available relief against Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT, DARIN LENYI, NOAH CAPRIO and DOE 1 to 20's, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT  pursuant to California Civil Code § 818);

4.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

5.    For interest; and

6.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Respectfully Submitted,

Dated: July 9, 2025

By: */s/ Yolanda Huang*
Yolanda Huang

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff ALECK ALEXANDER.

Dated: July 9, 2025

By: */s/ Yolanda Huang*
Yolanda Huang

ALEXANDER COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF